UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STANLEY ARON CAVIENSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   25-01156 (UNA) |
| | ) | |
| | ) | |
| MICHEAL P. SHEA *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Pending is Plaintiff's *pro se* complaint and application to proceed *in forma pauperis* (IFP). For the following reasons, the court grants the IFP motion and dismisses the complaint.

Plaintiff, a resident of Brooklyn, New York, sues U.S. District Judge Michael P. Shea of the District of Connecticut, Chief Judge Debra Ann Livingston of the U.S. Court of Appeals for the Second Circuit, Norwalk Transit District in Norwalk, Connecticut, and "Afmc council local # 4" in New Britain, Connecticut.  Compl. at 2-3.  Although Plaintiff invokes the Constitution and the Americans with Disabilities Act (ADA), he describes his "legal claims" as defamation, libel, and reputational harm "caused by Norwalk Transit, AFMC Council Local #4, and judicial misconduct" presumably during court proceedings in Connecticut.  *Id*. at 4; *see Cavienss v. Norwalk Transit*, 2025 WL 1411414, at *1 (D. Conn. May 15, 2025) (Shea, J.) (granting summary judgment to Norwalk Transit and Norwalk Transit District on Plaintiff's ADA claim); *Cavienss v. Norwalk Transit*, 2024 WL 4198224, at *10 (D. Conn. Sept. 16, 2024) (Shea, J.) (granting Norwalk Transit's motion to dismiss Plaintiff's defamation claim and AFSCME's motion to dismiss all claims against it).  Plaintiff also alleges that he "sent three direct written requests for judicial review to Chief Justice Livingston" that have gone "unanswered."  Compl. Attach., ECF No. 1-1

1

at 1-2. Plaintiff seeks damages exceeding $35 million for "wrongful termination" and "civil rights violations," based principally on his employment claim of disability discrimination. Compl. at 5; *see generally Cavienss*, 2025 WL 1411414.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States and U.S. officials and employees sued in their official capacity are immune from suit save "clear congressional consent," *United States v. Mitchell*, 445 U.S. 535, 538 (1980), which "must be unequivocally expressed in statutory text," *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up).

The judicial defendants sued in their official capacity, *see* Compl. at 2, "are part of the United States government for the purposes of sovereign immunity[.]"[1] *Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015). To the extent Plaintiff seeks review of Judge Shea's rulings or Chief Judge Livingston's alleged inaction, "one district court has no jurisdiction to review the decision of another district court," *Prentice v. U.S. Dist. Court for Eastern Dist. of Michigan, Southern Div.*, 307 F. App'x. 460 (D.C. Cir. Oct. 29, 2008) (per curiam) (citation omitted), or to "order the judges or officers of a higher court to take an action," *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980). Therefore, all claims against the judicial defendants are dismissed with prejudice.

---

[1] Even if sued in their personal capacity for damages, *see* Compl. Attach., ECF No. 1-1 at 4 (invoking *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the judicial defendants are absolutely immune from this lawsuit because it is predicated on permissible acts or omissions within the scope of their judicial duties. *Crum v. Beck*, 2022 WL 4138238, at *1 (D.C. Cir. 2022) (per curiam) (citing *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam); *see Smith*, 44 F. Supp. 3d at 41 (collecting cases).

Plaintiff has alleged no facts in support of the "legal claims" against defendants Norwalk Transit and "AFMC Council Local #4," but his conclusory assertions in the attachment, ECF No. 1-1 at 8-9, establish no daylight between the common law claims asserted here and those litigated in the District of Connecticut.  *See Cavienss*, 2024 WL 4198224, at *9 (finding the allegations in Plaintiff's Sixth Amended Complaint "insufficient to establish that [Norwalk Transit] defamed him").  Under the doctrine of res judicata, "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment" is precluded when, as here, it involves the same parties.  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  Claim preclusion, an aspect of res judicata, "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated."  *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. 405, 412 (2020).  It "embodies the principle 'that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so.' "  *Ramey v. Potomac Elec. Power Co.*, 580 F. Supp. 2d 48, 51 (D.D.C. 2008) (quoting *SBC Communications, Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005)).

Because res judicata belongs to courts as well as to litigants" a court may "consider the issue *sua sponte*."  *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997).  Plaintiff's defamation claim, to the extent intelligible, is precluded because it arises from the same nucleus of facts adjudicated in the District of Connecticut between the same parties to this suit by a court of competent jurisdiction.  *See Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004).  Therefore, this case will be dismissed by separate order.

_____/s/_____
AMIT P. MEHTA
United States District Judge

Date: June 30, 2025